# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 151

In the Interest of J.L., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| J.L., a child; G.L., mother, | Respondents |
| and | |
| J.L., father, | Respondent and Appellant |

### No. 20250128

In the Interest of J.L., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| J.L., a child; G.L., mother, | Respondents |
| and | |
| J.L., father, | Respondent and Appellant |

### No. 20250129

In the Interest of J.L., a child

State of North Dakota,                                          Petitioner and Appellee

      v.

J.L., a child; G.L., mother,                                          Respondents

      and

J.L., father,                                          Respondent and Appellant

_____

No. 20250130

_____

In the Interest of J.L., a child

State of North Dakota,                                          Petitioner and Appellee

      v.

J.L., a child; G.L., mother,                                          Respondents

      and

J.L., father,                                          Respondent and Appellant

_____

No. 20250131

_____

Appeals from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable Theodore Sandberg, Judge.

AFFIRMED.

Per Curiam.

Madison E. Gruber (argued), Assistant State's Attorney, and Aveena Kumar (on brief), under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for petitioner and appellee.

Jamie L. Schaible, Fargo, ND, for respondent and appellant.

**Interest of J.L., J.L., J.L. & J.L.**
**Nos. 20250128, 20250129, 20250130 & 20250131**

**Per Curiam.**

[¶1]   J.L. appeals from a juvenile court order for disposition placing his four minor children, J.L., J.L., J.L., and J.L., in the custody of the Director of the Grand Forks County Human Service Zone for a period of no more than 12 months. He argues the juvenile court erred in finding clear and convincing evidence his children were in need of protection and in finding the Grand Forks Human Service Zone engaged in active efforts to place three of the children in an Indian home as required by the Indian Child Welfare Act.

[¶2]   We conclude the juvenile court's findings are supported by clear and convincing evidence and are not clearly erroneous. *See In re T.H.*, 2012 ND 38, ¶ 27, 812 N.W.2d 373 ("Whether a child is deprived [*now*, 'in need of protection'] is a finding of fact, and a juvenile court's findings of fact will not be reversed on appeal unless they are clearly erroneous."); *see also Interest of K.S.D.*, 2017 ND 289, ¶¶ 17, 20, 904 N.W.2d 479 (a demonstration that active efforts were made requires clear and convincing evidence of remedial services and rehabilitative programs designed to prevent the breakup of an Indian family were attempted and unsuccessful).  We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

1